Seamus Molloy
KNIGHT NICASTRO MACKAY, LLC
283 West Front Street, Suite 203
Missoula, Montana 59802
Tel:   (406) 206-5747
Email: molloy@knightnicastro.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| **KELLY HAUGEN and AMOS HAUGEN,**<br><br>Plaintiffs,<br><br>v.<br><br>**JOSHUA TYVAN**,<br>Defendant. | Case No. :_____<br><br>COMPLAINT<br>Personal Injury Action (28 U.S.C. § 1332)<br>DEMAND FOR JURY TRIAL |

COME NOW Plaintiffs, Kelly Haugen and Amos Haugen, by and through their counsel of record, and allege as follows:

## **PARTIES**

1. Plaintiff Kelly Haugen ("Mr. Haugen") is, and was at all times relevant to the allegations contained within this Complaint, a resident and citizen of Lewis and Clark County, Montana.  Amos Haugen, son of Kelly Haugen, was, at all times relevant to the allegations contained within this Complaint, a resident and citizen of Lewis and Clark County, Montana.  Amos is currently a resident and citizen of

1

Gallatin County, Montana. Kelly and Amos are collectively referred to herein as "Plaintiffs".

2.  Upon information and belief, Defendant Joshua Tyvan ("Defendant Tyvan") is, and was at all times relevant to the allegations contained within this Complaint, a resident and citizen of Kootenai County, Idaho.

## JURISDICTION AND VENUE

3.  Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiffs are individuals domiciled in Montana. Defendant Tyvan is an individual domiciled in Idaho. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4.  Venue is proper in the District of Oregon under 28 U.S.C. § 1391 because all the events that give rise to this lawsuit occurred in this District, and the subject collision occurred in the Pendleton, Oregon Division.

## FACTUAL ALLEGATIONS

5.  On or about August 21, 2021, at approximately 12:15 a.m., Mr. Haugen was driving his 1996 Ford van westbound on Interstate Highway 84 ("I-84") with his son Amos Haugen as a passenger.

6.  Plaintiffs were traveling approximately 65 miles per hour, below the posted speed limit of 70 mph.

7. All of the lights on Plaintiffs' vehicle were functional and properly illuminated.

8. On or about August 21, 2021, Defendant Tyvan was also driving westbound on I-84.

9. Defendant Tyvan, was traveling at a speed in excess of 100 mph.

10. Due to his excessive speed, Defendant Tyvan collided with the rear end of Mr. Haugen's vehicle.

11. The impact caused Plaintiffs' vehicle to careen off the road, through trees, and into a body of water.

12. As a result of the collision, Plaintiffs sustained several injuries that required immediate and ongoing medical attention.

13. As a result of the collision, Defendant Tyvan was cited by the Oregon State Police for his reckless driving, second-degree criminal mischief, and three counts of reckless endangerment.

## COUNT I – NEGLIGENCE
**(All Plaintiffs against Defendant Joshua Tyvan)**

14. Plaintiffs re-allege each paragraph above as if fully set forth herein.

15. At all times material hereto, Defendant Tyvan owed Plaintiffs and others on I-84 a duty to use reasonable care and diligence while operating a vehicle.

16. Defendant Tyvan breached his duty of care by operating his motor vehicle unreasonably on a public highway, specifically, operating his motor vehicle in speeds in excess of 100 miles per hour on I-84.

17. Defendant's conduct, specifically driving in excess of the speed limit and over 100 miles per hour, created a foreseeable risk of harm to Plaintiffs.

18. Defendant knew or should have known that failure to use reasonable care could cause a collision or harm to other drivers.

19. Defendant's conduct, specifically driving in excess of 100 miles per hour, was unreasonable in light of the risk to Plaintiffs.

20. Defendant Tyvan's actions caused the collision with Plaintiffs, and all damages Plaintiffs alleged in this matter arise from and result from that collision.

21. Plaintiffs are part of the class of people and Plaintiffs' injuries are within the type that are intended to protected against, specifically driving in excess of the speed limit and in excess of 100 miles per hour, that constitute Defendant's negligence.

22. As a direct and proximate result of Defendant Tyvan's negligence, Plaintiffs have sustained damages, including but not limited to past and future medical care and treatment, loss of income, loss of earning capacity, pain and suffering, emotional distress damages, and loss of established course of life.

## **COUNT II – NEGLIGENCE PER SE**
*Violation of Oregon Revised Statutes Annotated § 811.140*
**(All Plaintiffs against Defendant Joshua Tyvan)**

23.   Plaintiffs re-allege each paragraph above as if fully set forth herein.

24.   Or. Rev. Stat. § 811.140 is a safety statute designed to protect drivers on Oregon's public highways and roadways.

25.   Defendant Tyvan is a member of the class of persons Or. Rev. Stat. § 811.140 was intended to regulate as he was driving in a manner that endangered the safety of persons or property on I-84, which for the purposes of Or. Rev. Stat. § 811.140 is a "public highway."

26.   Plaintiffs are a member of the class of persons Or. Rev. Stat. § 811.140 was enacted to protect and Plaintiffs' injuries from the collision are the sort that Or. Rev. Stat. § 811.140 was enacted to prevent.

27.   Under Or. Rev. Stat § 811.140, Defendant Tyvan had a duty to keep and maintain a reasonable lookout, reasonable vehicular control, and reasonable speed.

28.   Under Or. Rev. Stat. § 811.140, a person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property.

29. Defendant Tyvan did not maintain a reasonable lookout, reasonable vehicular control, and was not traveling at a reasonable speed.

30. Defendant Tyvan grossly deviated from the standard of care that a reasonable person would observe while operating a vehicle on a public highway.

31. By failing to drive at or under the speed limit, Defendant Tyvan was aware of and consciously disregarded a substantial and unjustifiable risk that persons or property would be endangered by reckless driving.

32. Defendant Tyvan violated Or. Rev. Stat. § 811.140, and as a direct result of violating that statute, Defendant smashed into Plaintiffs' vehicle.

33. Defendant Tyvan knew or should have known that the resulting collision was a foreseeable risk of driving recklessly.

34. As a result of Defendant Tyvan's reckless driving and the ensuing collision, Plaintiffs have suffered physical, mental, and emotional injuries, including but not limited to cervical, thoracic, and lumbar back pain, cognitive-communication deficits from traumatic brain injury, headaches, ankle pain, and knee pain.

35. Defendant Tyvan's violation of Oregon laws, including but not limited to Or. Rev. Stat. § 811.140 constitutes negligence per se.

36. On or about August 21, 2021, the Oregon State Police cited Defendant for reckless driving on I-84.

37. There is currently a warrant out for Defendant's arrest for his failure to appear on the various violations he was charged with arising from the collision.

38. As a direct and proximate result of Defendant Tyvan's violation of Oregon State laws, including, but not limited to Or. Rev. Stat. § 811.140, Defendant Tyvan's vehicle collided with Plaintiffs' vehicle, causing Plaintiffs to suffer serious physical injuries requiring ongoing medical treatment, pain, and suffering, and other damages.

## COUNT III – NEGLIGENCE PER SE
*Violation of Oregon Revised Statutes Annotated § 811.111(2)(b)*
**(All Plaintiffs against Defendant Joshua Tyvan)**

39. Plaintiffs re-allege each paragraph above as if fully set forth herein.

40. Or. Rev. Stat. § 811.111(2)(b) is a safety statute designed to protect persons in Oregon traveling on I-84.

41. Defendant Tyvan is a member of the class of persons Or. Rev. Stat. § 811.111(2)(b) was intended to regulate as he exceeded the established speed limit of 70 mph on I-84 for purposes of Or. Rev. Stat. § 811.111(2)(b).

42. Plaintiffs are a member of the class of persons that Or. Rev. Stat. § 811.111(2)(b) was intended to protect because he was traveling on I-84 for purposes of Or. Rev. Stat. § 811.111(2)(b) and Plaintiffs' injuries from the collision are the sort that Or. Rev. Stat. § 811.111(2)(b) was enacted to prevent.

43. Under Or. Rev. Stat § 811.111(2)(b) Defendant Tyvan had a duty to keep and maintain a reasonable lookout, reasonable vehicular control, and reasonable speed.

44. Under Or. Rev. Stat. § 811.111(2)(b), a person commits the offense of violating a speed limit if the person drives a vehicle on the portion of Interstate 84 at speed greater than 70 mph.

45. Defendant Tyvan did not maintain a reasonable lookout, reasonable vehicular control, and was not traveling at a reasonable speed.

46. Defendant Tyvan violated the speed limit on I-84 for purposes of Or. Rev. Stat. § 811.111(2)(b) because he exceeded the established speed limit on I-84 of 70 mph.

47. Defendant knew or should have known that vehicle operators must travel at a reasonable and prudent speed, having due regard for existing conditions.

48. Defendant knew or should have known that violation of the speed limit on I-84 was not reasonable or prudent and would present foreseeable risks to the health and safety of others, such as Mr. Haugen and Amos Haugen.

49. Defendant Tyvan violated Or. Rev. Stat. § 811.111(2)(b), and as a direct result of the violation, Defendant crashed into Plaintiffs' vehicle.

50. As a result of Defendant Tyvan's excessive speed and the ensuing collision, Plaintiffs suffered physical, mental, and emotional injuries, including but

not limited to cervical, thoracic, and lumbar back pain, cognitive-communication deficits from traumatic brain injury, headaches, ankle pain, and knee pain.

52. Defendant Tyvan's violation of Oregon laws, including but not limited to Or. Rev. Stat. § 811.111(2)(b) constitutes negligence per se.

52. On or about August 21, 2021, the Oregon State Police cited the Defendant for exceeding the established speed limit by thirty or more miles per hour.

53. As a direct and proximate result of Defendant Tyvan's violation of Oregon State laws, including, but not limited to Or. Rev. Stat. § 811.111(2)(b), Defendant Tyvan's vehicle collided with Plaintiffs' vehicle, causing Plaintiffs to suffer serious physical injuries requiring ongoing medical treatment, pain and suffering, and other damages in excess of $600,000.

## COUNT IV – PUNITIVE DAMAGES
### (All Plaintiffs against Defendant Joshua Tyvan)

54. Plaintiffs re-allege each paragraph above as if fully set forth herein.

55. Defendant acted with malice when he collided with the rear of Plaintiffs' vehicle at over 100 miles per hour.

56. Defendant has shown a reckless and outrageous indifference to a highly unreasonable risk of harm when he collided with the rear of Plaintiffs' vehicle at over 100 miles per hour.

57. Defendant acted with a conscious indifference to the health, safety and welfare of Plaintiffs when he made the decision to operate his vehicle far in excess of the posted speed limit.

58. Defendant has not taken any reasonable remedial measures to prevent reoccurrence of the conduct that gave rise to Plaintiff's claim for punitive damages.

59. Defendant is liable for punitive damages as set forth in Or. Rev. Stat. § 31.730.

## PRAYER FOR RELIEF

WHEREFORE, having set forth Plaintiffs' claims against Defendant, Plaintiffs seek Judgment for damages resulting from Defendant's negligence for judgment as follows:

1. All past and future medical expenses;

2. All past and future loss of income or earning capacity;

3. All past and future alteration of normal course of life;

4. All past and future physical and mental pain and suffering and/or emotional distress damages;

5. Punitive damages;

6. Costs of suit; and

7. Such other and further relief as this Court deems just and proper in this cause.

## **DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs and respectfully requests a jury trial on all issues of fact in the above case.

DATED this 28th day of July, 2023.

                                   KNIGHT NICASTRO MACKAY, LLC

                                   /s/ *Seamus Molloy*
                                   Attorney for Plaintiff